Filed May 13, 2014.

SECURITIES and EXCHANGE COMMISSION, Plaintiff,

v.

Thomas C. CONRADT, David J. Weishaus, and Trent Martin, Defendants.

No. 12 Civ. 8676(JSR).

United States District Court, S.D. New York.

Signed July 23, 2015.

See also *United States v. Conradt,* 2015 WL 480419.

Catherine Eleni Pappas, Daniel M. Hawke, Elaine C. Greenberg, G. Jeffrey Boujoukos, U.S. Securities and Exchange Commission, Philadelphia, PA, for Plaintiff.

Michael John Grudberg, Ballard Spahr LLP, New York, NY, for Defendant.

## AMENDED MEMORANDUM ORDER

JED S. RAKOFF, District Judge.

Plaintiff the Securities and Exchange Commission ("SEC") brought this action against defendants Thomas C. Conradt and David J. Weishaus for insider trading in violation of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b–5 promulgated thereunder, 17 C.F.R. § 240.10b–5. In its Second Amended Complaint, the SEC alleges that Conradt and Weishaus unlawfully traded on material nonpublic information regarding the 2009 acquisition of SSPS Inc. by International Business Machines Corporation ("IBM"). With the full advice and guidance of experienced counsel, both Conradt and Weishaus entered into settlement agreements with the SEC, and the Court, finding that the settlements were fair and reasonable, entered consent judgments against them on December 23, 2013 and January 27, 2014, respectively.

Prior to entering into settlement agreements with the SEC, Conradt and Weishaus pleaded guilty to criminal insider trading charges in a parallel proceeding, *United States v. Conradt*, No. 12 Cr. 887 (S.D.N.Y.). However, in an Order dated January 22, 2015, the judge in those cases vacated those guilty pleas, finding that there was no longer a sufficient factual basis for the pleas in light of the Second Circuit's recent ruling in *United States v. Newman*, 773 F.3d 438 (2d Cir. 2014). *See United States v. Conradt*, No. 12 Cr. 887 ALC, 2015 WL 480419, at *1 (S.D.N.Y. Jan. 22, 2015).[1]

Defendants Conradt and Weishaus now seek to vacate their settlement agreements and respective consent judgments in this case, pursuant to Rule 60(b)(5) and (6), Fed. R.Civ.P., and to proceed to trial on the merits of their case. *See* Memorandum of Law of Defendant Thomas C. Conradt in Support of Motion to Vacate Judgment, ECF Dkt. No. 73; Defendant David J. Weishaus's Memorandum of Law in Support of His Motion for Relief from Final Judgment, ECF Dkt. No. 77. They assert that the settlement agreements were "based on" their now vacated guilty pleas in the parallel criminal proceeding and that applying the judgments prospectively "is no longer equitable," Fed. R.Civ.P. 60(b)(5), because the law on which the judgments were based has (allegedly) changed. For the reasons stated below, defendants' motions are denied.

■ A court has discretion to relieve a party from a final judgment or order where "it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or … [for] any other reason that justifies relief." Fed.R.Civ.P. 60(b)(5) and (6). However, "[a] motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances." *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir.2001). Such exceptional circumstances are not present here.

■ While the settlement agreements refer to facts admitted by the defendants in their criminal guilty pleas, the agreements were not in any legal sense "based on" the guilty pleas. Rather, for their own strategic purposes, Conradt and Weishaus, with the advice and assistance of counsel, entered into these agreements voluntarily, in order to se-

---

1. On January 30, 2015, the Government sought dismissal of the criminal cases via *nolle prosequi* applications, requesting that the indictment and all superseding indictments be dismissed without prejudice, which the Court in the criminal cases granted on February 3, 2015. *See United States v. Conradt*, No. 12 Cr. 887, ECF Dkt. No. 170.

cure the benefits thereof, including finality. *See United States v. Bank of New York*, 14 F.3d 756, 760 (2d Cir.1994). While their decisions in the criminal proceeding may have influenced their strategy in the civil proceeding, the two proceedings were entirely separate actions.

Despite defendants' position that *Newman* has materially changed the law relevant to this case, this Court has previously held that *Newman* could not, and did not, overrule any binding precedent, nor were the arguments it accepted in any material way novel. *See United States v. Gupta*, No. 11 Cr. 907 JSR, —— F.Supp.3d ——, ——, 2015 WL 4036158, at *2 (S.D.N.Y. July 2, 2015). Conradt and Weishaus nevertheless chose not to contest the SEC charges on the basis of these arguments, but instead chose to enter into settlement agreements in this civil proceeding, thereby receiving the certainty of the settlement terms in place of the risks of litigation. Even if (contrary to the Court's view) *Newman* could be read to materially change the law, relief under Rule 60(b) is not intended to allow one side of a settlement agreement to obtain the benefits of finality while placing the other side at risk that future judicial decisions will deprive them of the benefit of their bargain. When it comes to civil settlements, a deal is a deal, absent far more compelling circumstances than are here presented. *See Bank of New York*, 14 F.3d at 760.

Accordingly, defendant Conradt's and defendant Weishaus's motions to vacate their judgments are denied. The Clerk of the Court is directed to close docket numbers 72 and 75.

SO ORDERED.